IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

SCOTTIE ALLEN KEY )
 )
v. ) No. 3:22-cv-0519
 )
CORECIVIC OF AMERICA, et al. )

**To:** Honorable Aleta A. Trauger, United States District Judge

### REPORT AND RECOMMENDATION

By Memorandum Opinion and Order entered November 30, 2022 (Docket Entry No. 5), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings.

Scottie Allen Key ("Plaintiff") filed this lawsuit on July 12, 2022. He seeks relief under 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated by prison staff at the Trousdale Turner Correctional Center, where he was incarcerated at the time he filed the lawsuit. Upon initial review, the Court found that Plaintiff stated arguable claims against three defendants and directed Plaintiff to return completed service packets for the three defendants so that process could issue to them. *See* Docket Entry No. 5 at 9. Plaintiff was given 21 days from entry of the Court's Order to return the completed service packets. *Id*.

The copy of the November 30, 2022, Order and the blank service packets mailed to Plaintiff at the institutional address that he provided were returned undelivered with a notation "return to sender, not deliverable as addressed, unable to forward." *See* Docket Entry No. 6. In a filing made by Plaintiff on October 24, 2022, he stated that he "went up for parole on October 17, 2022" and

that he would provide a new address if granted parole. *See* Docket Entry No. 4. The TDOC's Felony Offender Information website indicates that Plaintiff was released on parole, although the date of his parole release is not indicated. Plaintiff has not provided a change of address notice to the Court.

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because the defendants in this case have not been served with process within the time set out in Rule 4(m), this action should be dismissed.

It is also well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to inform the Court of his new address upon his release on parole indicates that he has lost interest in prosecuting his case. Additionally, the case cannot proceed with an absent plaintiff. While the Court recognizes that Plaintiff's status as a *pro se* litigant affords him with some measure of leeway, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties, such as keeping the Court informed of a current mailing address and remaining involved in the case.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge